NF

RECEIVED

AUG 20 2015
8-20-15 EAA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

In The United States District Court
For The Northern District of Illinois
Eastern Division

John McCottrell
plaintiff

15cv7362
Judge Amy J. St. Eve
Magistrate Judge Sheila M. Finnegan
PC6

vs

Terry Williams
S.A. Hodinez
Unknown Jane and John Doe's

I

Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress deprivations under color of State law of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(B). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff also seeks injunctive relief authorized by 28 U.S.C. § 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure

2. The Northern District of Illinois Eastern Division is an appropriate venue under 28 U.S.C § 1391(b)(2) because Stateville Correctional Center, in Will County, Illinois is where the events giving rise to this complaint occurred.

## II
## Plaintiff

3. Plaintiff John Mc Cottrell, is at all times mentioned herein, is in the custody of the Illinois Department of Corrections. He is currently confined at Stateville Correctional Center, in Joliet, Illinois.

## III
## Defendants

4. Defendant, Tarry Williams, is at all times mentioned herein, is the Warden at Stateville Correctional Center. He is legally responsible for the day to day operations at said facility. He is being sued in his individual and official capacities.

5. Defendant S. A. Godinez, is at all times mentioned herein, the Director of the Illinois Department of

Corrections. He is legally responsible for the Department and each of the institutions under its jurisdiction including Stateville. He is being sued in his individual and of[illegible]ial capacities.

6. De[illegible]ndants Unknown Jane and John Doe's are at all tim[illegible] mentioned herein, employees of the Illinois Department of Corrections assigned to various positions at Stateville Correctional Center. They are being sued in [illegible] [illegible]ividual and official capacities.

IV

Facts

7. On October 17, 2014, plaintiff wrote a grievance regarding the deplorable living conditions he has been subjected to Stateville. Plaintiff alleged that the roach infestation, unsanitary showers, broken windows, lack of cleaning supplies, and other deplorable living conditions add up to create an overall effect in violation of the Eighth Amendment (See grievance attached hereto as exhibit

V

Exhaustion of Legal Remedies

8. Plaintiff used the grievance procedures available to him at Stateville Correctional Center to try and remedy the issues presented in this complaint. For every unfavorable response plaintiff received he appealed said decision. (See responses attached hereto as exhibit

VI

Legal Claims

Count I

Inhumane Living Conditions

9. Plaintiff realleg and incorporates by reference paragraphs 1-8.

10. The totality of the inhumane and unsanitary living conditions at Stateville Correctional Center add up to create an overall effect that is in violation of the cruel and ~~[illegible]~~ unusual punishment doctrine of the Eighth Amendment.

11. Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Constitution Amendment VIII.

12. To challenge prison conditions using the 8th Amendment you must meet both the objective and subje[illegible]e requirements. Farmer v. Brennan, 511 U.S. 825 (19[illegible]), Wilson v. Seiter, 501 U.S 294 (1991).

13. To [illegible]eet the objective standard you need to show that you [illegible]re deprived of a basic human need or exposed to serious harm. Wilson, 501 U.S. at 298.

14. Under the subjective part of the test you must show that the prison official you are suing knew you were being deprived or harmed and did not respond reasonably. Id at 299.

15. Only those deprivations denying, "the minimal civilized measures of lifes necessities... are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

16. Dilapidated housing units, contaminated water supply, infestation of vermin, insects and over crowding combine to create a totality of conditions indicate genuine issues as to deprivation of basic human needs. William v. Griffin, 952 F.2d 820, 825-26 (4th Cir 1991).

SubCount A.
Dilapidated Housing Unit

17. The living units known as "Bravo, Charlie, Delta, and Edward House," consist of only one individual building, however they are divided into four living units.

18. Plaintiff [illegible] currently housed in Delta house, which is unsafe due to the substantial risk of complete and/or partial collapse.

19. The structure of Delta, Bravo, Charlie and Edward house consist of a brick building which is supported by sixty-four columns and a cement mixture, which establishes the foundation. The support columns are over five stories high, which connect the foundation to the buildings roof.

20. All sixty-four support columns are visibly deteriorating with multiple cracks from the foundation extending all the way up to the roof, which threatens to crumble and break away.

21. Not only are all sixty four support columns cracked from the foundation to the roof, but the wall of bricks between the various support columns are

deteriorating as well. One inch gaps with no filler or cement can be seen in plain view.

22. Because of the deteriorating foundation and support columns the entire building has shifted and leans slightly placing plaintiff at a substantial risk of imminent personal injury or death.

23. Furthermore, several other structures around Stateville have deteriorating foundations and walls that need to be fixed.

Sub Count B
Contaminated Water Supply

24. Stateville has a wretched history of supplying contaminated water to its employees and inmates.

25. The contaminated water supply at Stateville is for inmate drinking and for the cooking of all foods prepared by the kitchen.

26. Stateville's water supply consists of excessive amounts of microbiotic contaminants such as viruses and bacteria, inorganic contaminants, such as salts

metals, pesticides and herbicides, such as various water runoffs, organic chemical contaminants, including synthetic and volatile organic chemicals, which are by-pro[illegible]s of industrial processes, petroleum production and [illegible] active contaminants.

27. On[illegible] specific contaminant in the water at Stateville is radium. When water containing radium is ingested a portion of the radium may remain in the bones. Radiation given off from the radium due to its high energy can cause damage to the surrounding tissue. A dose of 5 p.c./l ingested over an extended period of time may result in the development of bone cancer.

28. Another contaminant in Statevilles water supply are Alpha Emitters, which are erosions of natural deposits and is also a cancerous element. Excessive levels of lead and copper can be found in the water supply as well.

29. These same bacteria and contaminants found in the water supply at Stateville are being utilized by dietary in the preparation of foods and drinks that are consumed on a daily basis by plaintiff

Sub Count C
Vermin and Insect Infestation

30. Birds are allowed to fly freely throughout the various living units ~~and~~ and cafeteria dropping feces while simultaneously chirping and singing very loud in the early morning hours.

31. Wild birds carry various communicable diseases, through the birds themselves as well as through their feces, such as bird flu, fungi, lice, mites, parasites, spores and various toxins, all of which can cause varying human bodily injuries.

32. The bird population presents a disease risk from organisms that grow in the accumulation of bird droppings.

33. There are several fungal diseases from bird droppings such as:

A. Histoplasmosis ~ This disease is transmitted to humans by airborne spores.

B. Psittacosis ~ A rare infection characterized by fatigue, fever, headache, rash, chills, and sometimes pneumonia.

C. Alveolitus ~ Contracted by inhaling particles of

bird dander

D: Avian Influenza ~ Transmitted by coming in contact with infected bird fecal matter.

E: Campylobacteriosis ~ Bacterial infection that causes gastrointestinal problems.

34. Plaintiff also avers that there is a vermin infestation that is not controlled at all, where mice roam in and out of cells regularly on a daily basis

35. There are massive infestations of roaches and spiders and other bugs that are in inmates cells and the shower area.

36. Defendants have been made aware of the birds vermin and pest but have failed to correct the problem.

Sub Count D.

Unsanitary Cells, Showers, and Leaking Ceilings

37. Many of the individual cells at Stateville, plaintiff's included, are dirty and unsanitary, where adequate cleaning supplies are not distributed daily and/or on a regular basis to maintain cleanliness.

38. Dust is one of the most produced element in any household. The amount of dust and dirt flowing from cell to cell has produced dust mites, which reproduce by the millions.

39. The failure to provide adequate cleaning supplies, where the cells are dirty and dirt is on the walls and floor, it creates breeding grounds for dust mites, as well as other disease causing micro-organisms.

40. Once a week plaintiff is afforded the opportunity to obtain disinfectant to clean his cell. Said disinfectant is placed in a mop bucket. Plaintiff must provide his own container for the disinfectant if he wants to clean his cell throughout the week.

41. Moreover the mop bucket of disinfectant is suppose to supply all 29 cells on plaintiffs gallery but never does.

42. Plaintiff has made the defendants aware of the lack of cleaning supplies and they still have not taken corrective measures to sub due the filth and unsanitary cells.

43. The inmate showers in the living units are hazardous because colonies of toxic green, white and black mold are allowed to grow in, on and behind the bath tiles.

44. The side effects of toxic mold on a human beings health are lengthy. The most dangerous side effects include chronic delays / delayed reactions and these result from almost daily exposure building up over time and can range from neurological damage to the risk of cancer from exposure to certain mold toxins in the air and water.

45. Again the defendants have not attempted to serious abate the mold growth in the inmate showers.

46. Water leaks within the ~~ceil~~ ceilings of the various buildings around Stateville where a massive amount of mold is produced. Roofs that leak include

A. Gym
B. Bravo house
C. Charlie house
D. Delta house
E. Edward house
F. Commissary
G. Law/General Library
H. School Building
I. Frank house
J. Personal Property

47. Furthermore, the roof in the clothing room collapsed due to years of leaks and disrepair.

48. The roofs of all these buildings have fallen on staff and inmates. In some buildings, layers upon layers of mold are located within the ceiling and the items below them.

49. The defendants knew of these hazards throughout all these buildings, however they have not made any real ~~attemp~~ attempts to fix these leaks and mold problems.

50. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

VII

Prayer For Relief

Wherefore plaintiff respectfully pray that this court enter judgment

51. Grant plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

52. A preliminary and permenent injunction barring plaintiff from being housed at Stateville Correctional Center until the conditions of confinement discussed in this complaint are rectified;

53. Compensatory damages in the amount of five thousand dollars (5,000.00), per each Defendant;

54. Punitive damages in the amount of eight thousand dollars (8,000.00), per each Defendant;

55. Damages for physical and mental suffering in the amount of eight thousand dollars (8,000.00), per each Defendant;

56. Plaintiff also seeks a jury trial on all triable issues by jury.

57. Plaintiff also seeks recovery of cost in this suit, and

58. Any additional relief this court deems just, proper, and equitable.

Respectfully submitted

John McCottrell N00789
Stateville Correctional Center
P.O. Box 112
Joliet, Ill
60434

Dated: Aug-14-2015

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

P 9 of 6

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 10-17-2014
Offender: (Please Print) John Mccottrell
ID#: N00289
Present Facility: Stateville C.C
Facility where grievance issue occurred: Stateville C.C

**NATURE OF GRIEVANCE:**

☐ Personal Property
☑ Staff Conduct
☐ Transfer Denial by Facility
☐ Mail Handling
☐ Dietary
☐ Transfer Denial by Transfer Coordinator
☐ Restoration of Good Time
☐ Medical Treatment
☐ ADA Disability Accommodation
☐ HIPAA
☑ Other (specify): living conditions overcrowded

☐ Disciplinary Report: ____ Date of Report ____ Facility where issued

GRIEVANCE OFFICE
OCT 23 2014
2315

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

NOV 2014
STA 3646

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

The deplorable living conditions here at Stateville add up to create a single identifiable harm in violation of the Eighth Amendment Seiter v. Wilson 501 US 294, 305 (1991). Since I arrived at Stateville back in Sept or Oct of 2009 I have been subjected to the following living condition. Birds flying around the cell house mice roaches spiders and other bugs infest the cell house. Cleaning supplies are not distributed on a regular basis there is mold in the shower the roof leaks causing more mold to build up. There is lead based paint

**Relief Requested:** One hundred dollar for each day I have been subjected to been here at Stateville C.C.

☑ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

John McCottrell (Offender's Signature) — N00289 (ID#) — 10/17/2014 (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 10/29/14
☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The grievant has been at Stateville C.C. since 8/20/09. The grievance is thus untimely.

David Mansfield CC2 (Print Counselor's Name) — David Mansfield CC2 (Counselor's Signature) — 10/29/14 (Date of Response)

**EMERGENCY REVIEW**

Date Received: 10/23/14
Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Tarry Williams (Chief Administrative Officer's Signature) — 10/24/14 (Date)

RECEIVED
DEC 2 6 2014
Office Of Inmate Issues

Distribution: Master File; Offender

DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

on the cell walls. The water supply is tainted. The buildings which serve as housing units are on the verge of collapse due to cracked foundations. Broken and malfunctioning windows. Malfunctioning plumbing, overcrowding and an understaff medical team. Since my arrival at Stateville I've been housed in X, F, B and D cell house and to some varying degrees all the above mentioned conditions are prevalent in each of the following cell house. Due to all these deplorable living conditions my health and safety are at jeopardy as long as I'm at Stateville. French v. Owens, 777 F.2d 1250 7th Cir (1985)



**Illinois Department of Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Telephone: (815) 727 -3607
TDD: (800) 526-0844

# MEMORANDUM

D936

DATE: 12/15/14

TO: McCottrell N00789

FROM: Grievance Office

SUBJECT: **Grievance #3645**

The attached grievance is being returned for the following reason:

_____ You may submit your grievance to the grievance office with the DR and summary or you may send grievances regarding tickets directly to the ARB with same attached.

__X___ It was not filed within 60 days of discovery of the incident, occurrence, or problem which gives rise to the grievance as required in DR 504F, Grievance Procedures for Committed Persons. "Arrived in Stateville back in Sept or Oct of 2009."

______ Submit to your cell house Counselor for response.

______ Original GRIEVANCE required.

_____ Already addressed by Grievance Office/CAO at facility level.

______ Issue is currently being reviewed by the Grievance Office. *You will receive a copy of the Grievance and decision when it is completed.

_____ Issue previously addressed GRIEVANCE Duplicate.

____ Attach **commissary receipts/proof of purchase** otherwise ownership for reimbursement cannot be substantiated. **Receipt must include date and price of purchase.**

___X____ Please F/U to see if he has received the items he lists in the body of the grievance and return. Thanks

RECEIVED

DEC 2 6 2014

Office Of Inmate Issues

cc: file



ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: McCottrell (Last Name) John (First Name) ____ (MI) N03387 (ID#)

Facility: Stateville CC

☐ Grievance: Facility Grievance # (if applicable) ______ Dated: 10/17/14 or ☐ Correspondence: Dated: ______

Received: 12/26/14 (Date) Regarding: Conditions @ Stateville CC

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ______ (Date).
- ☐ No justification provided for additional consideration.

**Other** (specify): ______

Completed by: Debbie Knauer (Print Name) Debbie Knauer (Signature) 1/20/15 (Date)

Distribution: Offender, Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.4/2013)