**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN MCCOTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7362 |
| | ) | Judge Amy J. St. Eve |
| v. | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| TARRY WILLIAMS, S.A. GODINEZ | ) | |
| Unknown Jane and John Doe's, | ) | |
| | ) | |
| Defendants. | ) | |

___

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, TARRY WILLIAMS and S.A. GODINEZ, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby answer and plead their Affirmative Defenses to Plaintiff's Complaint as follows:

**I
Jurisdiction and Venue**

1. This is a civil action authorized by 42 U.S.C. §1983 to redress deprivations under color of State law of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. §1331 and 1343 (a)(B). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. Plaintiff also seeks injunctive relief authorized by 28 U.S.C. §2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

**ANSWER:  Defendants admit that Plaintiff purports to bring an action for violation of his Eighth Amendment rights, and that Defendants were acting under color of law. Defendants deny the remaining allegations of paragraph 1.**

2. The Northern District of Illinois Eastern Division is an appropriate venue under 28 U.S.C. §1391 (D)(2) because Stateville Correctional Center, in Will County, Illinois is where the events giving rise to this complaint occurred.

**ANSWER: Defendants admit venue is proper.**

## II.
## Plaintiff

3. Plaintiff John McCottrell, is at all times mentioned herein, is in the custody of the Illinois Department of Corrections. He is currently confined at Stateville Correctional Center in Joliet, Illinois.

**ANSWER: Defendants admit that Plaintiff is in the custody of the Illinois Department of Corrections. Defendants deny the remaining allegations set forth in paragraph 3.**

## III.
## Defendants

4. Defendant, Tarry Williams, is at all times mentioned herein, is the Warden at Stateville Correctional Center. He is legally responsible for the day to day operations at said facility. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Defendant Williams was the Warden and Chief Administrative Officer at Stateville Correctional Center from April 1, 2014 to July 2015. Defendants admit that Plaintiff purports to bring this action against Defendant Williams in his individual and official capacities but deny that he is liable to Plaintiff. Defendants deny the remaining allegations in paragraph 4.**

5. Defendant S.A. Godinez, is at all times mentioned herein, the Director of the Illinois Department of Corrections. He is legally responsible for the Department and each of the institutions under its jurisdiction including Stateville. He is being sued in his individual and official capacities.

**ANSWER: Defendants admit that Defendant Godinez was the Director of the Illinois Department of Corrections from May 2, 2011 through December 31, 2014. Defendants admit that Plaintiff purports to bring this action against Defendant Godinez in his individual and official capacities but deny that he is liable to Plaintiff. Defendants deny the remaining allegations in paragraph 5.**

6. Defendants Unknown Jane and John Does are at all times mentioned herein, employees of the Illinois Department of Corrections assigned to various positions at Stateville Correctional Center. They are being sued in their individual and official capacities.

**ANSWER: Defendants do not provide a response to paragraph 6, as the Unknown Jane and John Doe Defendants were dismissed by this Court during the preliminary 1915A review. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.**

## IV
## Facts

7. On October 17, 2014, plaintiff wrote a grievance regarding the deplorable living conditions he has been subjected to Stateville. Plaintiff alleged that the roach infestation, insanitary showers, broken windows, lack of cleaning supplies and other deplorable living conditions add up to create an overall effect in violation of the Eight Amendment (See grievance attached hereto as exhibit [*sic*]

**ANSWER: Defendants admit that plaintiff attached to his complaint a grievance that purports to be dated October 17, 2014 complaining of his conditions of confinement. Defendants deny the remaining allegations set forth in paragraph 7.**

## V.
## Exhaustion of Legal Remedies

8. Plaintiff used the grievance procedures available to him at Stateville Correctional Center to try and remedy the issues presented in this complaint. For every unfavorable response plaintiff received he appealed said decision. (See responses attached hereto as exhibit [*sic*]

**ANSWER: Defendants admit that plaintiff attached to his complaint a grievance that purports to be dated October 17, 2014 complaining of his conditions of confinement. Defendants further admit that Plaintiff attached to his complaint a memorandum that purports to be dated December 15, 2014 from the Illinois Department of Corrections returning a grievance filed by Plaintiff. Defendants deny the remaining allegations set forth in paragraph 8.**

## VI.
## Legal Claims

### Count I
### Inhumane Living Conditions

9. Plaintiff reallege [*sic*] and incorporates by reference paragraphs 1-8.

**ANSWER: Defendants restate their answers to paragraphs 1-8 as if set forth fully herein.**

10. The totality of the inhumane and unsanitary living conditions at Stateville Correctional Center add up to create an overall effect that is in violation of the cruel and unusual punishment doctrine of the Eight Amendment.

**ANSWER: Defendants deny the allegations set forth in paragraph 10.**

11. Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted U.S. Constitution Amendment VIII.

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

12. To challenge prison conditions using the 8th Amendment you must meet both the objective and subjective requirements. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

13. To meet the objective standard you need to show that you were deprived of a basic human need or exposed to serious harm. *Wilson*, 501 U.S. at 298.

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

14. Under the subjective part of the test you must show that the prison official you are suing knew you were being deprived or harmed and did not respond reasonably. *Id.* at 299.

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

15. Only those deprivations denying, "the minimal civilized measures of lifes [*sic*] necessities…are sufficiently grave to form the basis of an Eight Amendment violation. [*sic*] *Rhodes v. Chapman*, 452 U.S. 337, 347(1981).

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

16. Dilapidated housing units, contaminated water supply, infestation of vermin, insects and over crowding combine to create a totality of conditions indicate genuine issues as to deprivation of basic human needs. *William v. Griffin*, 952 7.2d 820, 825-26 (4th Cir 1991).

**ANSWER: There are no allegations contained in this paragraph. To the extent Plaintiff is alleging that Defendants violated any Constitutional or statutory rights, the allegations are denied.**

### SubCount A.
### Dilapidated Housing Unit

17. The living units known as "Bravo, Charlie, Delta, and Edward House," consist of only one individual building, however they are divided into four living units.

**ANSWER: Defendants admit the allegations set forth in paragraph 17.**

18.     Plaintiff currently housed in Delta house which is unsafe due to the substantial risk of complete and/or partial collapse.

**ANSWER: Defendants deny the allegations set forth in paragraph 18.**

19.     The structure of Delta, Bravo, Charlie and Edward house consist of a brick building which is supported by sixty-four colums [*sic*] and a cement mixture, which establishes the foundation. The support colums [*sic*] are over five stories high, which connect the foundation to the buildings [*sic*] roof.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.**

20.     All sixty four support columns are visibly deteriorating with multiple cracks from the foundation extending all the way up to the roof, which threatens to crumble and break away.

**ANSWER: Defendants deny the allegations set forth in paragraph 20.**

21.     Not only are all sixty four support columns cracked from the foundation to the roof, but the wall of bricks between the various support columns are deteriorating as well. One inch gaps with no filler or cement can be seen in plain view.

**ANSWER: Defendants deny the allegations set forth in paragraph 21.**

22.     Because of the deteriorating foundation and support columns the entire building has shifted and leans slightly placing plaintiff at a substantial risk of imminent personal injury or death.

**ANSWER: Defendants deny the allegations set forth in paragraph 22.**

23.     Furthermore, several other structures around Stateville have deteriorating foundations and walls that need to be fixed.

**ANSWER: Defendants deny the allegations set forth in paragraph 23.**

### Sub Count B
### Contaminated Water Supply

24.     Stateville has a wretched history of supplying contaminated water to its employees and inmates.

**ANSWER: Defendants deny the allegations set forth in paragraph 24.**

25.     The contaminated water supply at Stateville is for inmate drinking and for the cooking of all foods prepared by the kitchen.

**ANSWER: Defendants deny the allegations set forth in paragraph 25.**

26. Stateville's water supply consists of excessive amounts of microbiotic contaminants such as viruses and bacteria, inorganic contaminants, such as salts metals, pesticides and herbicides, such as various water runoffs, organic chemical contaminants, including synthetic and volatile organic chemicals; which are by products of industrial processes, petroleum production and radioactive contaminants.

**ANSWER: Defendants deny the allegations set forth in paragraph 26.**

27. One specific contaminant in the water at Stateville is radium. When water containing radium is ingested a portion of the radium may remain in the bones. Radiation given off from the radium due to its high energy can cause damage to the surrounding tissue. A dose of 5 p.c./1 ingested over an extended period of time may result in the development of bone cancer.

**ANSWER: Defendants deny the allegations set forth in paragraph 27.**

28. Another contaminant in Statevilles [*sic*] water supply are Alpha Emitters, which are erosions of natural deposits and is also a cancerous element. Excessive levels of lead and copper can be found in the water supply as well.

**ANSWER: Defendants deny the allegations set forth in paragraph 28.**

29. These same bacteria and contaminants found in the water supply at Stateville are being utilized by dietary in the preparation of foods and drinks that are consumed on a daily basis by plaintiff

**ANSWER: Defendants deny the allegations set forth in paragraph 29.**

### Sub Count C
### Vermin and Insect Infestation

30. Birds are allowed to fly freely throughout the various living units and cafeteria dropping feces while simultaneously chirping and singing very loud in the early morning hours.

**ANSWER: Defendants deny the allegations set forth in paragraph 30.**

31. Wild birds carry various communicable diseases, through the birds themselves as well as through their feces, such as bird flu, fungi, lice, mites, parasites, spores and various toxins, all of which can cause varying human bodily injuries.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.**

32. The bird population presents a disease risk from organisms that grow in the accumulation of bird droppings.

**ANSWER: Defendants deny the allegations set forth in paragraph 32.**

33. There are several fungal diseases from bird droppings such as:

   a. Histoplasmosis – This disease is transmitted to humans by airborne spores.
   b. Psittacosis – A rare infection characterized by fatigue, fever, headache, rash, chills, and sometimes pneumonia.
   c. Alvealitus – Contracted by inhaling particles of bird dander
   d. Avian Influenza – Transmitted by coming in contact with infected bird fecal matter.
   e. Campylobacteriosis – Bacterial infection that causes gastrointestinal problems.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.**

34. Plaintiff also avers that there is a vermin infestation that is not controlled at all where mice roam in and out of cells regularly on a daily basis

**ANSWER: Defendants deny the allegations set forth in paragraph 34.**

35. There are massive infestations of roaches and spiders and other bugs that are in inmates [*sic*] cells and the shower area.

**ANSWER: Defendants deny the allegations set forth in paragraph 35.**

36. Defendants have been made aware of the birds vermin and pest but have failed to correct the problem.

**ANSWER: Defendants deny the allegations set forth in paragraph 36.**

### Sub Count D
### Unsanitary Cells, Showers and Leaking Ceilings

37. Many of the individual cells at Stateville, plaintiffs included, are dirty and unsanitary, where adequate cleaning supplies are not distributed daily and/or on a regular basis to maintain cleanliness.

**ANSWER: Defendants deny the allegations set forth in paragraph 37.**

38. Dust is one of the most produced element in any household. The amount of dust and dirt flowing from cell to cell has produced dust mites, which reproduce by the millions.

7

**ANSWER: Defendants deny the allegations set forth in paragraph 38.**

39.     The failure to provide adequate cleaning supplies, where the cells are dirty and dirt is on the walls and floor, it creates breeding grounds for dust mites, as well as other disease causing micro-organisms.

**ANSWER: Defendants deny the allegations set forth in paragraph 39.**

40.     Once a week plaintiff is afforded the opportunity to obtain disinfectant to clean his cell. Said disinfectant is placed in a mop bucket. Plaintiff must provide his own container for the disinfectant if he wants to clean his cell throughout the week.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.**

41.     Moreover the mop bucket of disinfectant is supposed to supply all 29 cells on plaintiffs [*sic*] gallery but never does.

**ANSWER: Defendants deny the allegations set forth in paragraph 41.**

42.     Plaintiff has made the defendants aware of the lack of cleaning supplies and they still have not taken corrective measures to subdue the filth and unsanitary cells.

**ANSWER: Defendants deny the allegations set forth in paragraph 42.**

43.     The inmate showers in the living units are hazardous because colonies of toxic green, white and black mold are allowed to grow in, on and behind the bath tiles.

**ANSWER: Defendants deny the allegations set forth in paragraph 43.**

44.     The side effects of toxic mold on a human beings health are lengthy. The most dangerous side effects include chronic delays/delayed reactions and these result from almost daily exposure building up over time and can range from neurological damage to the risk of cancer from exposure to certain mold toxins in the air and water.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.**

45.     Again the defendants have not attempted to serious [*sic*] abate the mold growth in the inmate showers.

**ANSWER: Defendants deny the allegations set forth in paragraph 45.**

46.     Water leaks within the ceilings of the various buildings around Stateville where a massive amount of mold is produced. Roofs that leak include

| | | | |
|---|---|---|---|
| A. | Gym | F. | Commissary |
| B. | Bravo house | G. | Law/General Library |
| C. | Charlie house | H. | School Building |
| D. | Delta house | I. | Frank house |
| E. | Edward house | J. | Personal Property |

**ANSWER: Defendants deny the allegations set forth in paragraph 46.**

47. Furthermore, the roof in the clothing room collapsed due to years of leaks and disrepair.

**ANSWER: Defendants deny the allegations set forth in paragraph 47.**

48. The roofs of all these buildings have fallen on staff and inmates. In some buildings, layers upon layers of mold are located within the ceiling and the items below them.

**ANSWER: Defendants deny the allegations set forth in paragraph 48.**

49. The defendants knew of these hazards throughout all these buildings, however they have not made any real attempts to fix these leaks and mold problems.

**ANSWER: Defendants deny the allegations set forth in paragraph 49.**

50. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

**ANSWER: Defendants deny the allegations set forth in paragraph 50.**

## VII
## Prayer for Relief

Wherefore plaintiff respectfully pray that this court enter judgment

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

51. Grant plaintiff a declaration that the acts and omissions described herein violate his rights under the constitution and laws of the United States, and

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

9

52. A preliminary and permanent injunction barring plaintiff from being housed at Stateville Correctional Center until the conditions of confinement discussed in this complaint are rectified;

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

53. Compensatory damages in the amount of five thousand dollars (5,000.00) per each Defendant;

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

54. Punitive damages in the amount of eight thousand dollars (8,000.00), per each Defendant;

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

55. Damages for physical and mental suffering in the amount of eight thousand dollars (8,000.00) per each Defendant;

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

56. Plaintiff also seeks a jury trial on all triable issues by jury.

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

57. Plaintiff also seeks recovery of cost in this suit, and

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

58. Any additional relief this court deems just, proper, and equitable.

**ANSWER: The Defendants deny that the Plaintiff is entitled to any type of relief whatsoever.**

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, by their attorney LISA MADIGAN, Attorney General for Illinois, to plead the following Affirmative Defenses.

## AFFIRMATIVE DEFENSE NO. 1
Qualified Immunity

1. At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

## AFFIRMATIVE DEFENSE NO. 2
Personal Involvement

1. Defendants' personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 3
Prison Litigation Reform Act

1. Plaintiff's claims are governed by the Prison Litigation Reform Act ("Act"), 42 U.S.C. § 1997 *et seq. See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

2. Plaintiff failed to exhaust his administrative remedies as required by the Act at 42 U.S.C. § 1997(e)(a); *see also Dale*, 376 F. 3d at 655.

3. To the extent the Plaintiff seeks compensation for emotional injuries, the Act provides that no Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

## **JURY DEMAND**

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois        By:    /s/Jeffrey J Freeman
                                           JEFFREY J. FREEMAN
                                           Assistant Attorneys General
                                           Office of the Illinois Attorney General
                                           100 West Randolph Street, 13th Floor
                                           Chicago, Illinois 60601
                                           (312) 814-4451
                                           JFreeman@atg.state.il.us

                                           *Attorney for Defendant*